# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2474 | **DATE** | 9/21/2010 |
| **CASE TITLE** | ACM Associates, Inc. vs. Bogies Ale House, Inc., et al. | | |

**DOCKET ENTRY TEXT**

The court, sua sponte, dismisses John Does 1-10 as defendants in this action. Plaintiff's unopposed motion for preliminary approval of class action settlement agreement and notice to the class [28] is granted in part and denied in part. The request for certification of a class consisting of all persons and entities who, between March 10, 2006 and March 30, 2010, were sent faxes by or on behalf of defendant Bogies Ale House, Inc., promoting its goods or services for sale and who were not provided a proper opt out notice is granted. In all other respects, the motion is denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

The first amended complaint alleges that "Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are." There is no allegation as to any specific actionable conduct by any person "natural or artificial" so these John Does should not have been named as defendants. Accordingly, they are being dismissed from the action.

The class action settlement plaintiff seeks to have approved would be for a total amount of $32,500.00. Plaintiff ACM would receive the first $5,000.00 of that amount. The balance would be shared by plaintiff's counsel and the members of the class, with payment of all costs and expenses of notice to the class and administration of the settlement agreement being next in priority of payment, then payment of attorneys' fees and costs (presumably those not having to do with the notice and administration of the settlement agreement) not to exceed 30% of the settlement fund (i.e., not to exceed $9,750.00) to counsel, and finally a divvying up of all amounts remaining among the class members (including plaintiff ACM) who submit timely claim forms. There is provision for any amounts that might remain after all of this to cy pres to the Legal Assistance Foundation of Chicago, but that unlikely event does not have an impact on consideration of the motion for approval of the settlement agreement.

After the $5,000 payment to plaintiff ACM and assuming counsel received the maximum of $9,750.00 in costs and fees, there would be $17,750.00 from which to pay the at this time unknown costs of

| | Courtroom Deputy Initials: | slb |
|---|---|---|

# STATEMENT

notice to the class and administration of the settlement agreement as well as to make payment to the class. With 100 to 200 members, these costs are not likely to be insignificant. After all these deductions, the members of the class could be receiving something less than $88.75 if there are 200 members of the class all submitting claim forms. This is vastly smaller than the named plaintiff's $5,088.75 under these circumstances.

Moreover, because there is no indication plaintiff's damages would exceed the statutory minimum recovery of $500.00, so that appears to be the amount the amount plaintiff would recover if successful at trial. Thus the amount the settlement would have plaintiff recover more than ten times plaintiff's likely damages at trial. See 47 USC § 227(b)(3)(B). Even if plaintiff ACM could prove a knowing violation of the statute, it would be entitled to no more than $1500.00, which is less than a third of the amount plaintiff would receive in this proposed settlement. See 47 USC § 227(b)(3). A case does not ordinarily settle for more than a plaintiff could recover at trial, so the disparity here raises the question of whether the class representative is selling out the class for personal benefit. See <u>Murray v GMAC Mortgage Corporation</u>, 434 F3d 948 (7th Cir 2006). The court sees no justification for this sort of disparity in recovery between the class representative and the other class members.

Accordingly, plaintiff's request for preliminary approval of class action settlement and notice to the class is denied.

**STATEMENT**

**STATEMENT**